**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN RENTFRO,           ) | |
|                    ) | |
|       Petitioner,    ) | |
|                    ) | |
|     v.               ) | No. 4:13-CV-1425-JCH |
|                    ) | |
| JAY CASSADY,        ) | |
|                    ) | |
|       Respondent.    ) | |

**RESPONSE TO ORDER TO SHOW CAUSE WHY
A WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED**

Because the petition does not rise to the high level required by Congress for issuing a writ, the Court should deny the petition for writ of habeas corpus.

### Statement of Custody and Parties

Petitioner Kevin Rentfro resides at the Jefferson City Correctional Center in Jefferson City, Missouri due to the sentence and judgment of the St. Charles County Circuit Court. The court found Rentfro guilty of second-degree murder and armed criminal action and sentenced him to life and life imprisonment in the Missouri Department of Corrections. Warden Jay Cassady is the proper respondent. 28 U.S.C. §2254, Rule 2(a).

## Statement of Default and Merit

Rentfro presents five grounds for relief. None of the grounds rises to the high level required by Congress for issuing a writ. 28 U.S.C. §2254(a), (d). The Court should deny the petition.

Rentfro contends that he received ineffective assistance of counsel because counsel did not challenge the credibility and credentials of a state's expert witness (Petition, page 19). Rentfro defaulted this claim when he did not present it timely in the Rule 29.15 litigation. (Respondent's Exhibit J, page 3. 4.) In any event, the Rule 29.15 trial court found the claim was meritless.

> In presenting his case, Movant has failed to allege or prove any of these supposed "distortions, omissions or misrepresentations," and therefore has failed to show any prejudice, even if his allegations as to counsel's conduct were true.

> Movant did call trial counsel, Mr. Neil Bruntrager, as a witness at the evidentiary hearing. Mr. Bruntrager testified as to the preparations he undertook in evaluating Mr. Englert's qualifications. He testified that he reviewed Englert's curriculum vitae and participated in the two depositions of Mr. Englert.

> Bruntrager then contacted the St. Louis Medical Examiner to obtain any available information he had concerning Mr. Englert's qualifications. Mr. Bruntrager testified that he was put in contact with Dr. Herbert MacDonnell. He contacted Dr. MacDonnell because he was considered

a leading expert in the field of blood splatter analysis, the same subject to which Mr. Englert was testifying as an expert witness for the State. Bruntrager testified that he inquired of Dr. MacDonnell as to Mr. Englert's qualifications, and even sought to retain MacDonnell as a defense expert. Dr. MacDonnell was not accepting any new cases so he referred Mr. Bruntrager to his "protégé," Mr. Paul Kish.

Mr. Bruntrager retained Kish as his expert and he testified for the defense at trial. Mr. Bruntrager testified that he consulted with Kish concerning many aspects of this case, including Mr. Englert's qualifications. Mr. Bruntrager testified he also contacted two other attorneys who provided him with copies of transcripts of other cases where Mr. Englert had testified. Mr. Bruntrager studied the examinations of Mr. Englert as to his qualifications, and concluded that any inconsistencies were very minor and insignificant. Counsel testified that as a matter of trial strategy he chose not to focus on the issue of qualifications, which he felt would not be productive, and instead chose to focus on the actual science and contrasting opinions reached in this case by the expert witness. He testified that he believed that with the help of his expert witness, Paul Kish, the defense case was strong in this area.

The Court finds the level of preparation by Mr. Bruntrager in evaluating Mr. Englert's qualifications to be quite diligent and thorough. This Court finds no evidence that trial counsel was ineffective.

Movant next sought to call an expert witness Mr. Donald G. Rehkopf, Jr., an attorney from the state of New York. He offered Mr. Rehkopf as an

> expert witness in the field of trial advocacy to testify
> as to how trial counsel should have tried this case.
>
> The Court finds that such opinion invades the
> province of this Court. This Court refused to allow
> Mr. Rehkopf's testimony. (*Decker v. State*, 623 SW2d
> 563 (Mo.App. 1981).

(Respondent's Exhibit F, pages 110-112). Rentfro appealed, but he did not

include the ineffectiveness claim on post-conviction appeal (Respondent's

Exhibit H). Rentfro complained only about the motion court's ruling

excluding Rehkopt's testimony (Respondent's Exhibit H, page 19), but not the

Rule 29.15 trial court's decision denying relief on the ineffectiveness claim.

Rentfro did not claim that he received inffective assistance of trial counsel in

his brief on post-conviction appeal (Respondent's Exhibit, H). Rentfro's failure

to brief the ineffective assistance of counsel claim constituted default that

precludes state and federal court review. *See Sweet v. Delo*, 125 F.3d 1144,

1149-50 (8th Cir. 1997). For federal court review of the claim to occur, Rentfro

must demonstrate good cause and actual prejudice under *Murray v. Carrier*,

477 U.S. 478 (1986). Rentfro declines to do so in his petition. Federal court

review of the claim is barred.

Alternatively, the claim is meritless. As noted, the Rule 29.15 trial

court considered the claim and determined that trial counsel performed

reasonably (Respondent's Exhibit F, pages 110-12). That determination is a

reasonable one that should receive deference under 28 U.S.C. § 2254(d). As articulated by the Rule 29.15 trial court, there is support in the record for the determination. Further, in resolving Rentfro's evidence claim on Rule 29.15 appeal the appellate court found no prejudice from the claimed error because Rentfro failed to show he received ineffective assistance of counsel (Respondent's Exhibit J, Pages 5-6). 28 U.S. C. § 2254(d). Rentfro's claim is meritless.

Rentfro contends in his second ground that he received ineffective assistance of counsel because counsel did not investigate gun residue evidence. Rentfro's third ground contends he received ineffective assistance of counsel because counsel did not present evidence of the victim's mental health and prior suicide attempt. Rentfro's fourth ground for relief complains that councel did not impeach the medical examiner concerning the effect of alcohol on the victim (Amended petition, page 24, 27, 28). Rentfro presented these claims in his Rule 29.15 motion and amended motion (Respondent's Exhibit F, pages 9, 16, 25, 25-26). Petitioner waived these claims by voluntarily choosing not to proceed with them at the Rule 29.15 hearing (Respondent's Exhibit F, page 109). Rentfro's procedural default gives rise to an adequate and independent state procedural bar to review. *Sweet v. Delo*, 125 F.3d at 1149-50. For federal court review of the claims to occur, Rentfro

5

must demonstrate good cause actual prejudice under *Murray v. Carrier*, *supra*.

Rentfro contends that he received ineffective assistance of post-conviction counsel under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Rentfro cannot demonstrate that he received ineffective assistance of post-conviction counsel. Counsel raised these three claims in the amended Rule 29.15 motion (Respondent's Exhibit F, page 16, 25, 25-26). This fact demonstrates counsel's familiarity with the record and the claims, because counsel actually alleged the claims. With this familiarity, Rule 29.15 trial counsel could reasonably determine not to proceed on those claims at the hearing (Respondent's Exhibit G, page 4). Because the law presumes post-conviction counsel acted reasonably and because there is nothing in the record to refute the presumption, Rentfro does not demonstrate that he received ineffective assistance of post-conviction counsel. *Martinez v. Ryan*, *supra*; *Strickland v. Washington*, 466 U.S. 668 (1984).

Rentfro's fifth ground for relief contends that his due process rights were violated by the prosecutor's closing argument. Rentfro complains that the prosecutor argued that the circumstances around the offenses did not support Rentfro's contention that his victim died from suicide (Amended petition page 29). The trial court overruled the objection at the closing

6

argument (Tr. III, pages 19-20). Rentfro presented the claim on direct appeal, and the court of appeal found it was meritless (Respondent's Exhibit E, page 13-14). The court found the claim did not warrant a new trial because the argument was not prejudicial.

> However, we do not find that Appellant was prejudice by the trial court's allowance of this argument, because of the substantial physical evidence and expert testimony regarding that evidence implicating Appellant as Victim's killer. This evidence includes the absence of gunshot residue and blood spatter on Victim's left hand, and the position of her left hand, which indicated she did not shoot herself. There was no evidence that her hand had been wiped down or moved after the shooting. There was expert testimony by Gerhardt that someone can fire a gun and have barium on his hand, but only trace elements of antimony. Such was the case with Appellant, who additionally wiped his hands prior to the gunshot residue test. Such wiping can decrease the amount of antimony significantly. There was expert testimony that the blood spatter evidence revealed that Appellant could not have been standing where he said he had been standing at the time Victim allegedly shot herself. Englert testified that in his opinion, based on the blood spatter evidence on which he is an expert, Victim did not shoot herself.

(Respondent's Exhibit E, pages 13-14). The determinations by the state courts are reasonable ones that the Court should give deference under 28

7

U.S.C. § 2254(d). As articulated by those courts, there is support in the record

for the decisions. Rentfro is not entiled to habeas relief.

## Conclusion

The court should dismiss the petition for writ of habeas corpus.

Respectfully submitted,

CHRIS KOSTER
Attorney General

\s\ Stephen D. Hawke
STEPHEN D. HAWKE
Assistant Attorney General
Missouri Bar No.  35242

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 FAX
stephen.hawke@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system.  I further certify that some of the participants in the case may not be CM/ECF users, in those instances, I have mailed the foregoing document postage prepaid, this 30 day of June, 2014, to:

Kent Gipson

\s\ Stephen D. Hawke
Stephen D. Hawke
Assistant Attorney General